**IN THE COURT OF APPEALS OF IOWA**

No. 19-1622
Filed July 22, 2020

**IN THE INTEREST OF G.S. and J.S.,**
**Minor Children,**

**B.R., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.


A mother appeals the termination of her parental rights to her children. **AFFIRMED.**


David Barajas of Macros & Kozlowski, LLP, West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Michael R. Sorci of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.


Considered by Tabor, P.J., Schumacher, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to her children. She does not dispute the State proved the grounds for termination under Iowa Code section 232.116(1)(b), (e), and (h) (2019). The mother argues for additional time and disputes that termination is in the children's best interests. She also challenges the failure of the court and the Iowa Department of Human Services (DHS) to consider a paternal aunt as a placement for the children. We review these claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

One of the options the legislature has provided the juvenile court after a permanency hearing is to continue a child's placement for another six months if it finds doing so will eliminate the need for the child's removal. Iowa Code § 232.104(2)(b). If the court chooses to continue permanency, it must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.*

We are unable to find conditions will change to eliminate the need for the children's removal in six months. The juvenile court outlined the criteria for returning the children to the mother's care, and the DHS offered the mother services to eliminate the need for the children's removal. Because the mother failed to take advantage of these services, she has not met any of the requirements for safe return of the children to her care. For instance, despite concerns about the mother's substance abuse and both children testing positive for exposure to drugs, the mother failed to complete a court-ordered substance-abuse evaluation or participate in drug screening in the eleven months after the State petitioned to

adjudicate the children to be in need of assistance. There is no basis for finding that the need for the children's removal will no longer exist if the mother is given another six months.

We next consider whether termination is in the children's best interests. *See id.* § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). In making this determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Termination is in the children's best interests. The mother failed to take advantage of the services offered to her as required to enable their safe return to her care. We cannot deprive these children of permanency in the hope that "someday" the mother will change. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). In making the best-interests determination, we give special attention to the time periods established by the legislature because "[i]t is unnecessary to take from the children's future any more than is demanded by statute." *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Once the statutory period has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children." *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989). Here, that period was, at most, six months after the children's removal. *See* Iowa Code § 232.116(1)(b) (allowing termination on clear and convincing evidence of the parent's abandonment of the child without setting a minimum time requirement), (e)(2) (requiring the child be removed from the parent's care for a period of six months),

(h)(3) (requiring removal for six out of the last twelve months or for the last six consecutive months). The circumstances remained the same ten months after the children's removal. The children's best interests require termination of the mother's parental rights.

Finally, the mother argues against terminating her parental rights based on the alleged failure of the court and the DHS to consider placing the children with a paternal aunt. She argues that if the children had been placed with the paternal aunt, the provisions of Iowa Code section 232.116(3)(a), providing that the court "need not terminate the relationship between the parent and child if it finds . . . [a] relative has legal custody of the child," would apply. But this provision is permissive rather than mandatory. *See A.S.*, 906 N.W.2d at 475. The decision to decline to terminate based on any of the criteria listed under section 232.116(3) depends on the facts of each case. *See id.*

Even if the paternal aunt had been considered and determined to be an appropriate placement for the children, termination of the mother's parental rights would be appropriate. A decision to terminate parental rights "is not to be countermanded by the ability and willingness of a family relative to take the child." *Id.* (citation omitted). As always, our first consideration is the children's best interests. *See id.* The children require the permanency afforded by termination of parental rights. Because termination is in the children's best interests, we affirm.

**AFFIRMED.**